HAHN & HESSEN LLP
Edward L. Schnitzer, Esq.
Joseph Orbach, Esq.
488 Madison Avenue
New York, New York 10022
(212) 478-7200

    -and-

HALPERIN BATTAGLIA RAICHT, LLP
Christopher J. Battaglia, Esq.
Jocelyn Keynes Szekretar, Esq.
Carrie E. Essenfeld, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
(212) 765-9100

*Counsel for Plaintiff Alan D. Halperin,*
*Trustee of the Kodak GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| EASTMAN KODAK COMPANY, *et al.*, | Case No. 12-10202 (ALG) |
| Debtors. | Confirmed |
| THE KODAK GUC TRUST, by and through Alan D. Halperin, as Trustee, | |
| | Adversary Proceeding No 14- |
| Plaintiff, | |
| vs. | **COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS** |
| THE DOW CHEMICAL COMPANY, | |
| Defendant. | |

Alan D. Halperin, as trustee (the "Trustee") of the Kodak GUC Trust (the "Trust") (and, together with the Trustee, the "Plaintiff"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover certain transfers made by one or

more of the predecessors in interest of the above-captioned reorganized debtors (the "Debtors")[1] to or for the benefit of The Dow Chemical Company (the "Defendant"), on knowledge as to itself and as to all other matters on information and belief, respectfully alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff seeks a money judgment relating to certain avoidable transfers identified on **Exhibit A** hereto in the aggregate amount of $41,870.76 made by one or more of the Debtors to Defendant in the ninety (90) day period preceding the commencement of the Debtors' bankruptcy cases (each transfer, an "Avoidable Transfer" and, collectively, the "Avoidable Transfers").

2.      Specifically, Plaintiff seeks entry of a judgment against Defendant (i) avoiding, (a) pursuant to 11 U.S.C. § 547(b), preferential transfers to or for the benefit of the Defendant, or, in the alternative, subject to proof, (b) pursuant to 11 U.S.C. §§ 544(b) and 548 any transfers that may have been fraudulent conveyances, and (c) pursuant to 11 U.S.C. § 549, any unauthorized transfers that cleared post-petition; (ii) preserving for the benefit of the Trust, as the designee of the Debtors' estates, the Avoidable Transfers or the value thereof pursuant to 11 U.S.C. § 551; (iii) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the amount of the Avoidable Transfers, plus interest and costs; and (iv) pending such payment, disallowing any claim of Defendant against any of the Debtors pursuant to 11 U.S.C. § 502 (a) through (j) ("Section 502").

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of their federal tax identification numbers, are: Eastman Kodak Company (7150); Creo Manufacturing America LLC (4412); Eastman Kodak International Capital Company, Inc. (2341); Far East Development Ltd. (2300); FPC Inc. (9183); Kodak (Near East), Inc. (7936); Kodak Americas, Ltd. (6256); Kodak Aviation Leasing LLC (5224); Kodak Imaging Network, Inc. (4107); Kodak Philippines, Ltd. (7862); Kodak Portuguesa Limited (9171); Kodak Realty, Inc. (2045); Laser-Pacific Media Corporation (4617); NPEC Inc. (5677); Pakon, Inc. (3462); and Qualex Inc. (6019). The location of the Debtors' corporate headquarters is: 343 State Street, Rochester, NY 14650.

3. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or the Debtors' Chapter 11 estates (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's and/or the Debtors' right to object to such Claims for any reason including, but not limited to, Section 502, and such rights are expressly reserved.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Southern District of New York (this "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331 and 1334(b).

5. The statutory and legal predicates for the relief sought herein are sections 502, 544, 547, 548, 549, 550 and 551 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6. This proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. Venue in this district is proper pursuant to 28 U.S.C. §1409.

## PROCEDURAL AND FACTUAL BACKGROUND

8. On January 19, 2012 (the "Petition Date"), each of the Debtors commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

9. On or about June 24, 2013, the Debtors filed their First Amended Disclosure Statement for First Amended Joint Chapter 11 Plan of Reorganization of Eastman Kodak Company and its Debtor Affiliates [Docket No. 4143] (the "Disclosure Statement"). Pursuant to the liquidation analysis included as Appendix I to the Disclosure Statement (the "Liquidation

Analysis"), unsecured creditors would have received 0% of the value of their claims if the Debtors liquidated their unencumbered assets pursuant to Chapter 7 of the Bankruptcy Code.

10. On June 18, 2013, the Debtors filed their First Amended Joint Chapter 11 Plan of Reorganization of Eastman Kodak Company and Its Debtor Affiliates [Docket No. 4073] (as amended, modified, or supplemented, including plan supplements and all other exhibits and schedules, the "Plan").

11. On June 26, 2013, the Court entered an order approving the Disclosure Statement. Subsequently, on August 23, 2013, the Court entered an order confirming the Plan. The Plan became effective on September 3, 2013 (the "Effective Date").

12. The Plan established the Trust as a liquidating trust pursuant to the Kodak GUC Trust Agreement (the "Trust Agreement"), effective as of the Effective Date, for the sole purpose of liquidating the Trust assets, with no objective to continue or engage in the conduct of trade or business except, to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Trust and the Plan.

13. Pursuant to Sections 3.03 and 3.07 of the Trust Agreement, after the Effective Date, only the Trustee has authority to maintain, prosecute, settle, dismiss, abandon, or otherwise dispose of avoidance actions (the "Kodak GUC Trust Avoidance Actions"). The Trustee is vested with the right to, among other things, compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise resolve or settle claims in favor of, or against, the Trust (including the Kodak GUC Trust Avoidance Actions). Furthermore, the Trustee may enter into and consummate settlements and compromises of the Kodak GUC Trust Avoidance Actions without notice to, or approval by, the Court.

14. Prior to the Petition Date, the Debtors operated an integrated global business involving a diverse collection of businesses and an array of valuable intellectual property. Accordingly, the Debtors maintained business relationships through which they regularly purchased, sold, received, and/or delivered goods and services from various entities.

15. During the ninety (90) days before the Petition Date, that is between October 20, 2011, and January 18, 2012 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities, including the Defendant.

16. During the course of their relationship, the Debtors and Defendant entered into agreements, evidenced by invoices, communications and other documents (collectively, the "Agreements"), pursuant to which the Debtors and Defendant conducted business with one another.

17. Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest in any of the Debtors' property made by a Debtor to Defendant within the Preference Period.

18. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that are otherwise avoidable. It is Plaintiff's intention to avoid and recover all transfers made by any Debtor of an interest of any of the Debtors in property to or for the benefit of Defendant.

19. To the extent that the Debtors' records do not accurately identify all transfers made by the Debtors of an interest in the Debtors' property, including but not limited to any transfers that cleared post-petition, Plaintiff reserves its right to amend this Complaint to include:

5

(i) further information regarding the Avoidable Transfers (as defined below), (ii) additional transfers, (iii) modifications of and/or revision of the Defendant's name or identity, (iv) additional defendants, and/or (v) additional causes of action (collectively, the "Amendments"), that may become known to Plaintiff at any time during the pendency of this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

20.     Plaintiff acknowledges that some transfers may be subject to defenses under Bankruptcy Code section 547(c), with respect to which Defendant bears the burden of proof under Bankruptcy Code section 547(g).

## COUNT I - TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

21.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

22.     During the Preference Period, one or more of the Debtors made transfers to, or for the benefit of, the Defendant in the amounts set forth in the chart annexed as Exhibit A hereto, which is incorporated by reference herein (collectively, the "Avoidable Transfers").

23.     During the Preference Period, the Defendant was a creditor of one or more of the Debtors within the meaning of Bankruptcy Code section 547(b)(1) at the time of each Avoidable Transfer by virtue of supplying goods and/or services for which such Debtors were obligated to pay in accordance with the Agreements.

24.     The Avoidable Transfers were transfers of an interest of one or more of the Debtors' in property.

6

25. According to the Debtors' books and records, the Avoidable Transfers were made to, or for the benefit of, the Defendant because each Avoidable Transfer either reduced or fully satisfied a debt or debts then owed by one or more of the Debtors to Defendant.

26. The Avoidable Transfers were made for or on account of antecedent debts owed by one or more of the Debtors.

27. The Avoidable Transfers were made while the Debtors were insolvent. The Plaintiff is entitled to the presumption of insolvency for each transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f). Further, as evidenced by the Disclosure Statement, as well as the proofs of claim that have been filed against the Debtors, the Debtors' liabilities exceed their assets. As set forth in the Disclosure Statement, it is estimated that general unsecured creditors will receive less than full value on account of their allowed claims against the Debtors.

28. The Avoidable Transfers were made on or within 90 days prior to the Petition Date.

29. The Avoidable Transfers enabled the Defendant to receive more than it would receive if (a) the Debtors' cases were cases under chapter 7 of the Bankruptcy Code, (b) the Avoidable Transfers had not been made, and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

30. The Defendant was either the initial transferee of the Avoidable Transfers, the entity for whose benefit the Avoidable Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Avoidable Transfers.

31. By reason of the foregoing, each Avoidable Transfer should be avoided and set aside as a preferential transfer pursuant to 11 U.S.C. § 547(b).

7

## COUNT II - TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548 and 544(b)

32. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31 above as if fully set forth herein.

33. The Avoidable Transfers were made within two (2) years prior to the Petition Date.

34. The Avoidable Transfers were made to, or for the benefit of, the Defendant.

35. Subject to proof, Plaintiff pleads, in the alternative, that to the extent one or more of the Avoidable Transfers were not on account of an antecedent debt or were prepayments for goods and/or services subsequently received, Debtors did not receive reasonably equivalent value in exchange for the Avoidable Transfers, either (a) because the value of the services and/or goods received was in fact less than the Avoidable Transfers or (b) because the Debtor that received such goods and/or services was not the Debtor that had incurred the debt and Debtors were: (i) insolvent on the dates of the Avoidable Transfers or became insolvent as a result of the Avoidable Transfers; and/or (ii) engaged in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital at the time of, or as a result of, the Avoidable Transfers; and/or (iii) the Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond Debtors' ability to pay as such debts matured (the "Potentially Fraudulent Transfers").

36. The Avoidable Transfers either (a) were made while the Debtors were insolvent or were in the zone of insolvency; (b) left the Debtors with unreasonably small capital; and/or (c) were made while the Debtors intended to incur or believed that they had incurred debts that they would not be able to pay as they became due.

8

37. By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as fraudulent transfers.

### COUNT III - AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549

38. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 above as if fully set forth herein.

39. Subject to proof, Plaintiff pleads that to the extent any transfers made by the Debtors to Defendant, including the Avoidable Transfers, were transfers of an interest in the property of one or more of the Debtors that cleared the Debtors' bank accounts after the Petition Date (the "Post-Petition Transfers"), such Post-Petition Transfers were never authorized by the Court or under the Bankruptcy Code and, thus in accordance with the foregoing, are property of the Estates that are avoidable pursuant to 11 U.S.C. § 549.

### COUNT IV - TO PRESERVE PROPERTY PURSUANT TO 11 U.S.C. § 551

40. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 above as if fully set forth herein.

41. The Avoidable Transfers are property of the estate of one or more of the Debtors.

42. Therefore, the Avoidable Transfers, or the value thereof, should be preserved for the benefit of the Debtors' estates pursuant to § 551 of the Bankruptcy Code.

### COUNT V - TO RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. § 550

43. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 above as if fully set forth herein.

44. The Plaintiff is entitled to avoid the Avoidable Transfers pursuant to 11 U.S.C. § 547(b), or, alternatively, the Potentially Fraudulent Transfers pursuant to

11 U.S.C. § 548, and any Post-Petition Transfers pursuant 11 U.S.C. § 549 (the Avoidable Transfers, Potentially Fraudulent Transfers, and Post- Petition Transfers collectively, "<u>All Avoidable Transfers</u>").

45. The Defendant was the initial transferee of All Avoidable Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit All Avoidable Transfers were made.

46. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant an amount to be determined at trial that is not less than $41,870.76 plus interest thereon to the date of payment and the costs of this action.

### COUNT VI- TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d) and (j)

47. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 above as if fully set forth herein.

48. The Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

49. The Defendant was the initial transferee of All Avoidable Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit All Avoidable Transfers were made.

50. The Defendant has not paid the amount of All Avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

51. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' Chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff all amounts sought in paragraph 46 above.

52. Pursuant to 11 U.S.C. § 502(j), any and all previously allowed Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff must be reconsidered and disallowed until such time as Defendant pays to Plaintiff all amounts sought in paragraph 46 above.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment against Defendant:

a) avoiding All Avoidable Transfers pursuant to 11 U.S.C. § 547(b), or, in the alternative, pursuant to 11 U.S.C. §§ 548 and 544(b) or 11 U.S.C. § 549;

b) preserving for the benefit of the Debtors' estates All Avoidable Transfers or the value thereof pursuant to 11 U.S.C. § 551;

c) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than $41,870.76, plus interest and costs;

d) disallowing any Claim of Defendant against any of the Debtors pursuant to 11 U.S.C. § 502(d) and (j);

e) awarding pre-judgment interest at the maximum legal rate running from the date of the Plaintiff's first demand to return All Avoidable Transfers to the date of judgment with respect to this Complaint (the "Judgment") herein;

f) awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the judgment is paid in full, plus costs;

g) requiring Defendant to pay forthwith the amount of the Judgment; and

  h) granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
   January 13, 2014

           HAHN & HESSEN LLP

           By: /s/ Edward L. Schnitzer
              Edward L. Schnitzer, Esq.
              Joseph Orbach, Esq.

          488 Madison Avenue
          New York, New York 10022
          Telephone: (212) 478-7200
          Facsimile: (212) 478-7400

           -and-

          HALPERIN BATTAGLIA RAICHT, LLP
          Christopher J. Battaglia, Esq.
          Jocelyn Keynes Szekretar, Esq.
          Carrie E. Essenfeld, Esq.
          40 Wall Street, 37th Floor
          New York, New York 10005

          *Counsel for Plaintiff Alan D. Halperin,*
          *Trustee of the Kodak GUC Trust*